United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RUBEN ALBERTO MALDONADO TOVAR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1028 |
| | § | |
| MIGUEL VERGARA *et al.* | § | |

**ORDER**

Respondents advised that Petitioner has been released from ICE custody (*see* Dkt. No. 9 at 1). Respondents assert this habeas action, challenging his prolonged immigration-related detention, is therefore moot (Dkt. No. 9 at 1). The Court agrees.

"Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (quoting *Ctr. for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006)). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Id.* (citing *In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004)). Essentially, mootness divests the court's subject matter jurisdiction, allowing the court to dismiss a case on its own initiative if jurisdiction is lacking. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 762 F. Supp. 3d 552, 560 (S.D. Tex. 2024).

Habeas exists to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (quoting *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976)). In

the immigration context, a constitutional challenge to the length of pre-removal detention is mooted by an undocumented alien's release from custody. *Rocha v. Mayorkas*, 579 F. Supp. 3d 923, 929 (S.D. Tex. 2022) (collecting cases); *Nkarakwi v. U.S. Immigr. & Customs Enf't*, No. 6:23-CV-00901 SEC P, 2024 WL 1725003, at *1 (W.D. La. Jan. 4, 2024), *report and recommendation adopted*, No. 6:23-CV-00901, 2024 WL 1723075 (W.D. La. Apr. 22, 2024); *see also Dien Thanh Ngo v. Johnson*, No. 3:19-CV-976-B-BH, 2019 WL 3468909, at *2 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted,* No. 3:19-CV-976-B-BH, 2019 WL 3459817 (N.D. Tex. July 31, 2019).

Here, Petitioner chiefly sought for the Court to order his immediate release from detention (Dkt. No. 1 at 12). At this point, Petitioner's release could not be accelerated as he has already been released from custody. *See Rice*, 985 F.3d at 1070 (noting habeas review focuses on whether favorable determination of petitioner's claims would entitle them to accelerated release). Since he has been released from custody, his petition for writ of habeas corpus is moot. *See Rocha*, 579 F.Supp.3d at 929.

Accordingly, Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Rocha*, 579 F.Supp.3d at 929–30. Respondents' Motion for Summary Judgment (Dkt. No. 8) is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** October 19, 2026.

Marina Garcia Marmolejo
United States District Judge